IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2002-FL

| | | |
|---|---|---|
| ANTHONY RICARDO FULLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRICK TRIPP and THE UNITED | ) | |
| STATES OF AMERICA, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on the unopposed motion to dismiss, or in the alternative, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56[1] (DE 10) filed by respondent Warden Brick Tripp ("respondent"). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment.

## STATEMENT OF THE CASE

On August 11, 2004, petitioner was sentenced in the Superior Court of Hartford, Connecticut, to a four-year term of imprisonment for numerous state offenses. Carr Decl.[2] ¶ 5. The

_____

[1] Because the parties have attached matters that are outside of the pleadings, respondent's motion will be construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

[2] Kara Carr ("Carr") submitted an affidavit in support of respondent's motion for summary judgment. Carr is employed by the United States Department of Justice as a correctional programs specialist at the designation and sentence computation center in Grand Prairie, Texas. Carr Decl. ¶ 1.

Connecticut sentencing court stayed the execution of the state sentence, and petitioner was released from custody. Id.

In November 2004, a federal arrest warrant was issued, but petitioner remained a fugitive from justice until June 15, 2005, when he was arrested by state officials in Connecticut for state offenses. Id. at ¶ 6. Consequently, the state sentencing court lifted the stay of execution of the state sentence and the previously imposed four-year sentence commenced on August 16, 2005. Id.

Petitioner subsequently was transferred to federal custody pursuant to a federal writ. Id. ¶ 7, Attach. 4, p. 1. On March 24, 2006, in the United States District Court for the District of Connecticut, petitioner was sentenced to a one hundred fifty-one (151) month term of imprisonment for conspiring to possess with the intent to distribute and to distribute fifty (50) grams or more of cocaine base. Id. Attach. 5, p. 1. Petitioner's federal judgment states that his federal sentence is consecutive to his state sentence. Id. Following sentencing, petitioner was returned to the custody of state officials in Connecticut to continue the service of his state sentence. Id. Attach. 4, p. 1.

On June 18, 2007, petitioner was paroled from his state sentence and transferred to federal custody to begin serving his federal sentence. Id. ¶ 8, Attach. 2, p. 1; Attach. 4, p. 2. On April 5, 2010, petitioner's federal sentence was reduced, pursuant to 18 U.S.C. § 3582(c)(2) to a one hundred twenty-one (121) month term of imprisonment. Id. ¶ 9, Attach. 6.

The Bureau of Prisons ("BOP") calculated petitioner's federal sentence and determined that it commenced on June 18, 2007. Id. ¶ 10, Attach. 7. Petitioner is scheduled to be released from BOP custody on May 5, 2016. Id.

On January 3, 2013, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that he should be credited for his time spent in pre-sentence

custody from June 14, 2005, until he was sentenced for his federal offense on March 24, 2006. Petitioner also alleges that he is entitled to credit for the time he spent in the custody of the United States Marshals Service from March 24, 2006, until October 4, 2007, when he was designated at a BOP facility. Respondent subsequently filed a motion for summary judgment, arguing that petitioner's claims are without merit. Although he was notified of respondent's motion, petitioner did not respond.

## DISCUSSION

A.     Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. <u>Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. <u>Anderson</u>, 477 U.S. at 250.

B.     Analysis

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal or state prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). Petitioner, in this case, asserts that he is entitled to credit on his federal sentence for the time period of June 14, 2005, through October 4, 2007. Specifically,

3

petitioner requests credit on his federal sentence for the time he spent in pre-custody official detention from June 14, 2005, until the date his federal court sentence was imposed on March 24, 2006, as well as credit from the date of his federal sentence, March 24, 2006, until he was designated to a BOP facility on October 4, 2007.

In order to assess whether petitioner is entitled to credit on his federal sentence, the court first must determine the date on which petitioner's federal sentence commenced. A term of imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentences at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the [BOP] agrees to designate the state facility for service of the federal sentence." United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998).

On August 16, 2005, the Connecticut state court lifted its previously imposed stay of execution of petitioner's state sentence and petitioner began serving his four-year state sentence. The State of Connecticut retained primary jurisdiction over petitioner during the service of his state sentence. See 18 U.S.C. § 3585(a); Trowell v. Beller, 135 F. App'x 590, 594 n.2 (4th Cir. May 19, 2005). Primary jurisdiction over a person generally is determined by which sovereign, state or federal, first obtains custody of, or arrests, the person. Trowell, 135 F. App'x at n.2. Primary jurisdiction continues until the first sovereign relinquishes its priority in some way. Ponzi v. Fessenden, 258 U.S. 254, 260 (1922). Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail; 2) dismissal of charges; 3) parole; or 4) expiration of sentence. See Robinson v. Owens, No. C.A. No. 4:07-3118-HMH-TER, 2008 WL

783782, at *8 (D.S.C. Mar. 20, 2008) (internal citation omitted), aff'd, 293 F. App'x 232 (4th Cir. Sept. 17, 2008). In this case, the State of Connecticut obtained primary jurisdiction over petitioner on June 15, 2005, when he was arrested by state authorities. Petitioner remained in state custody until June 18, 2007, when he was released from his state sentence. When petitioner was released from his state sentence, the state released its primary jurisdiction over petitioner.

Accordingly, the time that petitioner spent on loan, pursuant to a writ of habeas corpus *ad prosequendum*, to federal authorities for his federal sentencing does not serve to interrupt the state's custody over him. See United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (quotation omitted) (alterations omitted) ("A writ of habeas corpus *ad prosequendum*, issued to bring a prisoner to his own trial, works as a mere loan of the prisoner to federal authorities and does not effectuate a change in custodian for purposes of the federal statute . . . ."); Evans, 159 F.3d at 912 ("Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on the satisfaction of the state obligation."). Further, the federal sentencing judge expressly stated that petitioner's federal sentence was to run consecutive to his state sentence. Carr Aff. ¶ 7, Attach. 5. Based upon the foregoing, petitioner's federal sentence commenced on June 18, 2007, the date he was received into federal custody after completing his state sentence.

Considering petitioner's consecutive federal sentence commenced on June 18, 2007, the record reflects that petitioner received credit toward his Connecticut state sentence for the time period of June 14, 2005, through June 18, 2007. Carr Decl. ¶¶ 7, 11. A petitioner cannot, receive credit on a term of imprisonment that already has been awarded on another sentence. See 18 U.S.C. § 3585(b); Dais v. La Manna, No. 9:05-2797, 2006 WL 2642604, *6 (D.S.C. Sept. 13, 2006), aff'd,

224 F. App'x 292 (4th Cir. Apr. 24, 2007). If the court were to accept petitioner's argument, then he would receive double credit on his federal term of imprisonment. Accordingly, because the requested time period already was credited to petitioner's state sentence and because petitioner's consecutive federal sentence commenced on June 18, 2007, he is not entitled to receive credit on his federal sentence for the same time period.

To the extent petitioner requests credit on his federal sentence for the time period of June 18, 2007, through October 4, 2007, petitioner's claim lacks merit. Specifically, because the BOP computed petitioner's federal sentence to commence on June 18, 2007, he received credit for the time he spent serving his federal sentence for the time period of June 18, 2007, through October 4, 2007. See Carr Aff. ¶ 11. Thus, petitioner is not entitled to additional credit on his federal sentence for this time period.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 10) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 19th day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge